```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| RUHEE M., INC. d/b/a § <br> EXPRESS PONZIO FOOD MARKET, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> §    CIVIL ACTION NO. H-05-1547 <br> UNITED STATES OF AMERICA § <br> and DON WILLIS, In His § <br> Representative Capacity for § <br> the UNITED STATES DEPARTMENT § <br> OF AGRICULTURE, § <br> § <br> Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ruhee M., Inc. ("Ruhee"), originally filed this action in the 85th District Court of Brazos County, Texas, against defendants, United States of America and Don Willis in his representative capacity for the United States Department of Agriculture (collectively "United States"), for judicial review of the decision withdrawing authorization for Ruhee to participate in the Federal Food Stamp Program ("food stamp program").[1] Defendants removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1) and 7 U.S.C. § 2023(a).[2] Pending before the court are United States' Motion for Summary Judgment (Docket Entry No. 10),

---

[1] Plaintiff's Original Petition and Request for Temporary Restraining Order, contained in Notice of Removal, Docket Entry No. 1, Exhibit A-3.

[2] Notice of Removal, Docket Entry No. 1.

Ruhee's Affidavits and Memorandum in Opposition to United States' Motion for Summary Judgment (Docket Entry No. 11), and United States' Reply to Plaintiff's Response to United States' Motion for Summary Judgment (Docket Entry No. 12). For the reasons explained below, the United States' Motion for Summary Judgment will be granted.

## I.   Factual and Procedural Background

The following facts are undisputed. On August 15, 2002, plaintiff was authorized to take part in the food stamp program through its retail outlet, Express Ponzio Food Market.[3] On August 21, 2002, the Food and Nutrition Service ("FNS") charged plaintiff with accepting at Express Ponzio Food Market unauthorized food stamps between June 17, 2002, and July 11, 2002.[4] Through its attorney plaintiff timely responded, alleging that although the application for the food stamp program stated that ownership was transferred to plaintiff on June 17, 2002, the sale was not actually consummated until August 1, 2002.[5] Plaintiff argued that it was therefore not responsible for the unauthorized food stamp benefits.

On September 11, 2002, FNS sent a letter to plaintiff's attorney finding that store ownership was transferred to plaintiff

---

[3]United States' Motion for Summary Judgment, Docket Entry No. 10, Exhibit 1.

[4]Id. at Exhibit 3.

[5]Id. at Exhibit 4.

on June 17, 2002, and plaintiff was the store owner during the period of unauthorized food stamp activity.[6] FNS determined that there was a $988.99 loss to the government, and also assessed a fine of $23,966.97.  Plaintiff obtained a new attorney and responded on September 27, 2002, disputing the FNS findings on the date of sale for the store and submitting supporting documentation.[7] On October 8, 2002, FNS responded by refusing to grant a review because plaintiff did not submit its request within 10 days of receipt of the September 11, 2002, FNS letter.[8] On October 25, 2002, plaintiff remitted payment for the $988.99 fiscal claim, but requested a payment plan for the $23,966.97 fine.

On December 8, 2004, FNS sent plaintiff a letter withdrawing plaintiff's authorization for Express Ponzio Food Market to participate as a retailer in the food stamp program.[9] The withdrawal of authorization was based on plaintiff's failure to pay the $23,966.67 fine.  Plaintiff timely filed a request for administrative review of the authorization withdrawal on December 10, 2004, and FNS withheld further action pending

---

[6] Id. at Exhibit 5.

[7] Id. at Exhibit 6.

[8] Id. at Exhibit 7.  Ruhee received the September 11, 2002, FNS letter on September 12, 2002.  The response was due by September 23, 2002.

[9] Id. at Exhibit 9.

completion of the review.[10]  On March 16, 2005, FNS completed its review.[11]  FNS did not consider plaintiff's argument regarding imposition of the fine because of plaintiff's failure to timely request administrative review of that issue.  It confined its review to factual findings on whether or not the fine had been paid.  Finding that plaintiff had not paid the fine, FNS sustained the withdrawal of plaintiff's authorization for Express Ponzio Food Market to participate in the food stamp program.

## II.  Standard of Review

The Food Stamp Act, 7 U.S.C. § 2023, provides for federal court review of final adverse administrative actions under the federal food stamp program.  Issues of fact are to be tried de novo in the district court.  7 U.S.C. § 2023(a)(15).  The court must reach its own factual and legal conclusions based on the preponderance of the evidence, and should not limit its consideration to matters previously dealt with in the administrative proceedings.  Modica v. United States, 518 F.2d 374, 376 (5th Cir. 1975).  The aggrieved party must establish the invalidity of the administrative action by a preponderance of the evidence.  E.D. Redmond v. United States, 507 F.2d 1007, 1012 (5th Cir. 1975).

---

[10] Id. at Exhibit 10.

[11] Id. at Exhibit 11.

The court's reviews of sanctions under the Food Stamp Act is not as broad as its review of the underlying factual basis of the fact of violation. Goodman v. United States, 518 F.2d 505, 511-12 (5th Cir. 1975). The court reviews sanctions for validity. Id. "To be 'valid,' a sanction must not be arbitrary and capricious, and a sanction is arbitrary and capricious if it is unwarranted in law or without justification in fact." Id. at 511 (quoting Cross v. United States, 512 F.2d 1212, 1218 (4th Cir. 1975) (en banc)).

"Cases arising under the Food Stamp Act, 7 U.S.C. § 2011, *et seq.*, may be resolved in the district court by summary judgment when there are no genuine issues of material fact." Bordelon v. Block, 810 F.2d 468, 470 (5th Cir. 1986) (citing Cullen Drive-In Grocery v. Block, 778 F.2d 1141, 1142 (5th Cir. 1985)).

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles the movant to judgment. Fed. R. Civ. P. 56(c). The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record], which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Disputes about material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).

Once the movant demonstrates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Factual controversies are to be resolved in favor of the nonmovant "only when . . . both parties have submitted evidence of contradictory facts."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### III. Analysis

The United States moves to dismiss plaintiff's causes of action against Don Willis in his official capacity for the United States Department of Agriculture on the grounds that only the United States is a proper party defendant.  The court agrees.  The Food Stamp Act only authorizes suits against the United States.  7 U.S.C. § 2023(a)(13).  The act does not waive sovereign immunity against any governmental entity or governmental representative other than the United States, and therefore plaintiff may only proceed against the United States.  See, e.g., Calderon v. United States Dep't of Agriculture, 756 F.Supp. 181, 184 (D.N.J. 1990); Martin's Food and Liquor, Inc. v. United States Dep't of Agriculture, 702 F.Supp. 215, 216 (N.D. Ill. 1988).

The United States also moves for summary judgment based on plaintiff's failure to timely request administrative review of the FNS decision to impose a fine and fiscal claim.  The United States argues that plaintiff may only appeal the FNS decision to withdraw plaintiff's food stamp authorization because that was the only issue plaintiff administratively exhausted.  The United States further argues that plaintiff's failure to present any evidence on the remaining issue -- that it paid the fine -- entitles the United States to summary judgment.  Alternatively, the United States argues that plaintiff fails to demonstrate by a preponderance of the evidence that violations of the Food Stamp Act did not occur.[12]

The United States bases its primary argument on plaintiff's untimely response to FNS's September 11, 2002, letter imposing the fine and finding that the store had been transferred effective June 17, 2002.  The United States argues that plaintiff's untimely request for review of the September 11, 2002, factual determination

---

[12]The alternative argument by the United States is without merit.  The violations of the Food Stamp Act occurred between June 17, 2002, and July 11, 2002.  Plaintiff claims that it did not take possession of Express Ponzio Food Market until August 31, 2002, while the United States argues that the changeover of ownership was affected on June 17, 2002.  It is unnecessary to recite the details of conflicting evidence submitted by plaintiff and the United States, except to note that both parties have submitted competent summary judgment evidence supporting their arguments.  The conflicting evidence creates a genuine issue of material fact as to whether or not plaintiff acquired Express Ponzio Food Market on June 17, 2002, or August 1, 2002.

was a failure to exhaust administrative remedies, precluding further review of the fine. See 7 U.S.C. § 2021(f) (allowing imposition of a fine on a retail store that accepts food stamps without previous authorization to do so). The United States cites Hamilton v. United States, 580 F.Supp. 31 (M.D. Tenn. 1984), as support for its argument. In Hamilton the district court held that it did not have jurisdiction to hear the plaintiff's suit against FNS when the plaintiff failed to timely request administrative review of the FNS determination. Id. at 32-33.

The court agrees with the United States. Generally, a store can obtain administrative and judicial review of a decision by FNS to impose a civil money penalty. 7 U.S.C. § 2023(a). See also Ali v. United States, 904 F.Supp. 915, 919 (E.D. Wis. 1995). However, the statute and the regulations implementing the Food Stamp Act prohibit further administrative or judicial review of an FNS determination "unless a written request for review is filed within the period stated in part 279 of this chapter." 7 C.F.R. § 278.6(n). See also 7 U.S.C. § 2023(a)(3). Section 279.2 of the Code of Federal Regulations and 7 U.S.C. § 2023(a)(3) require that a request for administrative review be filed within 10 days, as stated in FNS's September 11, 2002, letter to plaintiff's attorney. Analysis of the statute supports the conclusion that plaintiff's failure to timely file his FNS request for review renders the FNS decision final.

Section 2023(a)(4) of the Food Stamp Act states that when the request for administrative review is not made "the administrative determination shall be final."  In contrast, § 2023(a)(5) states that if a request for administrative review is properly made it shall be reviewed and the persons designated shall, "subject to the right of judicial review hereinafter provided, make a determination which shall be final and which shall take effect thirty days after the date of delivery or service of such final notice of determination."  The omission of the language "subject to the right of judicial review" from § 2023(a)(4) and the immediate effect of an agency determination in that section of the Food Stamp Act indicate that Congress did not intend to provide a right of judicial appeal to aggrieved parties who failed to properly pursue their administrative appeals.

Moreover, even if plaintiff did have a right to seek judicial review of the October 8, 2002, FNS decision, plaintiff failed to timely exercise that right.  The Food Stamp Act provides that "[i]f the store . . . feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States . . . within 30 days after the date of delivery of the final notice of determination upon it, requesting the court to set aside such determination."  7 U.S.C. § 2023(a)(13).

The October 8, 2002, letter from FNS refusing to grant review of the fine and fiscal claim because the plaintiff's request for

-9-

review was untimely served as the final administrative determination.[13]  Plaintiff had 30 days from receipt of that determination to file for judicial review.  7 U.S.C. § 2023(a)(3). Judicial review of the fiscal claim and fine would have included de novo review of the facts underlying their imposition.[14]  Modica, 518 F.2d at 376.  Because plaintiff did not commence this action until April 15, 2005, over two years after receipt of FNS's October 8, 2002, letter, plaintiff lost the opportunity to challenge FNS's factual conclusions and decision to impose a fiscal claim and fine. See Shoulders v. United States Dep't of Agriculture, 878 F.2d 141 (4th Cir. 1989) (holding that a district court only has

---

[13] The language of the statute would actually imply that the September 11, 2002, letter was the final administrative determination because plaintiff did not make a timely request for review.  But for purposes of this opinion the court will consider the October 8, 2002, letter informing plaintiff that its review was not granted as the final administrative determination.  The issue is somewhat academic because plaintiff did not file this action until April of 2005, significantly more than 30 days after either letter was received by plaintiff.

[14] Plaintiff did in fact pay the fiscal claim of $988.99 and requested a payment plan to remit monies for the fine.  Although plaintiff argues that in the letter accompanying the check plaintiff "again asserted its intentions to seek review of FNS' decision because it disagreed with FNS' decision," the letter is not so clear.  Ruhee's Memorandum in Opposition to United States' Motion for Summary Judgment, Docket Entry No. 11, p. 5. Plaintiff's letter simply states that "[w]e are seeking competent legal counsel to help us further with the case, but we realize – in the meantime – our responsibility to take care of the fine imposed on our business."  Defendant's Motion for Summary Judgment, Docket Entry No. 10, Exhibit 8.  Regardless, plaintiff did not further pursue its case until it was faced with withdrawal of its authorization to participate in the food stamp program in December of 2004.

-10-

jurisdiction under 7 U.S.C. § 2023 if the plaintiff files suit within 30 days of notice of adverse FNS action).[15]

Ruhee filed a timely request for judicial review of FNS's withdrawal of its authorization to participate in the food stamp program. The United States argues that the court should confine its review to this action. Ruhee argues that it is entitled to a de novo review of the FNS decision to impose a fine because the issues regarding both the imposition of the fine and FNS's subsequent decision to remove plaintiff from the food stamp program are inextricably linked.[16] The court disagrees. Were plaintiff permitted to revisit the factual basis for FNS's initial imposition of the fine and the propriety of its imposition, the finality of the administrative determination would be vitiated, and a plaintiff

---

[15]Although the filing deadline contained in 7 U.S.C. § 2023 may be subject to equitable tolling, the court need not address this issue. See, e.g., Irwin v. Department of Veterans Affairs, 111 S.Ct. 453, 457-58 (1990). Compare Dunne v. United States Department of Agriculture, 1991 WL 42573 at *2 (E.D. La. 1991) (holding that the 30-day statutory period for judicial review in the Food Stamp Act is subject to equitable tolling) with Simaan v. Veneman, 349 F.Supp.2d 967, 971 (M.D.N.C. 2004) (holding that the 30-day statutory period is jurisdictional and may not be equitably tolled). Ruhee has not argued that the doctrine of equitable tolling applies, nor that it should be invoked in this case.

[16]Plaintiff argues that granting the United States' Motion for Summary Judgment will unconstitutionally deprive plaintiff of its due process rights in violation of the Fifth Amendment to the United States Constitution. Ruhee's Memorandum in Opposition to United States' Motion for Summary Judgment, Docket Entry No. 11, p. 13. Because this contention is addressed by a single sentence in plaintiff's pleading, devoid of analysis or authority, the court need not address it. See Cullen Drive-in Grocery v. Block, 778 F.2d 1141, 1142 (5th Cir. 1985).

could sit on its rights until FNS took further action against it. See East Food & Liquor, Inc. v. United States, 50 F.3d 1405, 1413 (7th Cir. 1995) (finding that in enacting section 2023(a) of the Food Stamp Act Congress did not intend to foreclose application of the traditional common law principles of issue preclusion).

The statutory scheme set up by Congress provides for administrative and judicial review of the fine imposed on plaintiff, an opportunity now foreclosed by plaintiff's failure to timely act on these rights. Although the court is not unsympathetic to plaintiff's circumstances, the fact remains that plaintiff failed to pursue its remedy within the time frames provided by statute.

The sole issue before the court is therefore whether FNS has properly withdrawn plaintiff's authority for Express Ponzio Food Market to participate in the food stamp program. The basis of FNS's decision was plaintiff's failure to pay the fine assessed against it. Plaintiff has failed to present any evidence that FNS's determination that it failed to pay the fine was factually incorrect.

FNS may withdraw authorization to participate in the food stamp program for failure to pay a fine in full. 7 C.F.R. § 278.1(b)(3)(iii). Without any evidence that plaintiff paid or attempted to pay the fine, the court concludes that there was an

adequate factual basis to support the agency's determination that the fine was not paid.

The court reviews the penalty assessed under an arbitrary and capricious standard. <u>Goodman</u>, 518 F.2d at 511-12. Plaintiff has not argued that the withdrawal of authorization was arbitrary and capricious. Nor does the court find anything in the record to support such a conclusion. The court therefore holds that plaintiff has failed to provide sufficient evidence to meet its burden and establish the invalidity of FNS's withdrawal of its authorization to participate in the food stamp program.

## IV.  <u>Conclusions and Order</u>

For the reasons explained above, the court concludes that Ruhee has not submitted sufficient evidence to establish the invalidity of the FNS determination in this case, and the United States' Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 5th day of May, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE